UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jerry Zopfi,                                                    Civil No. 04-5034 (JRT/FLN)

      Plaintiffs,

v.                                                              **REPORT AND RECOMMENDATION**

Champlin City Council & Staff, Dayton City
Council & Staff, Hennepin County Commission & Staff,
Three Rivers Park District & Staff

      Defendants.

_____

Pro Se Plaintiff.
Jason Hiveley for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 14, 2005, on Defendant's Motion for Summary Judgment [#9] and Defendant's Motion for Sanctions [#15]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends that Defendant's Motion for Summary Judgment [#9] be granted and that Defendant's Motion for Sanctions [#15] be denied.

### I. BACKGROUND

The Goose Lake Road Joint Powers Agreement (also known as the Goose Lake Road Area Cooperative Agreement) (the "Agreement") was made and entered into on February 24, 2005, by and among the Suburban Hennepin Regional Park District, Hennepin County, the City of Champlin and the City of Dayton. (Affidavit of Jason M. Hiveley ("Hiveley Aff."), Ex. A.) Under the Agreement, Goose Lake Road North, which provides access to Hayden Lake Road and private

property owned by Mrs. Betty Zopfi and Mr. Gene Zopfi, will be closed and the Zopfi properties will be acquired by the Park District. (Hiveley Aff., Ex. A. at 1-4.)

Plaintiff currently resides with his mother, Mrs. Betty Zopfi, at 12208 Hayden Lake Road, Champlin, MN 55316. (See Hiveley Aff., Ex. B at 8, ll. 12-25.) Mrs. Zopfi is the owner of the property at 12208 Hayden Lake Road. Id. Plaintiff does not pay any rent for his use of the premises. Id. at 9, ll. 1-2. Plaintiff does not have any ownership rights in the property. Id. at 16, ll. 15-16. Mr. Gene Zopfi, Plaintiff's brother, owns the property adjacent to Mrs. Zopfi's property. Id., ll. 11-20 Both of these properties are subject to the Agreement. Id. at 27, ll. 19-23.

Plaintiff brought suit against Defendants' for approving the Agreement. Plaintiff testified during his deposition that he considers himself to be representing the interests of the property owners affected by the Agreement. Id. at 17, ll. 2-4. Plaintiff is not an attorney and has not spoken to the other property owners regarding the present lawsuit. Id., ll. 7-18; p. 47, ll. 2- p. 48 ll. 1. When asked what damages Plaintiff has sustained, he stated "[w]ell, we're being denied ownership of our property, to start with." Id. at 66, ll. 12. When asked to define "we," Plaintiff stated that he was referring to his mother, his brother, and the Killmers, who are other property owners affected by the Agreement. Id. at 66, ll. 25- p. 67, ll. 2. Plaintiff stated that he was not personally being denied ownership and that he did not own any of the property that is being affected by the Agreement. Id. at 67, ll. 3-18. In his memorandum to the Court Plaintiff states that the "Zopfi family settled the Champlin area over 150 years ago . . . our property was homesteaded and has been handed down from generation to generation.. [sic] Myself and my brother and sister being the fifth generation in this line of successor's. This establishes my claim to damages done by the defendants." (Pl's Mem. in Opp. at 1.)

In his Complaint Plaintiff claims that, during the course of approving the Agreement, Defendants violated open meeting laws, failed to provide advanced notice of hearings related to the Agreement, offered and accepted bribes, conspired to commit and did commit fraud on the citizens of the communities under their jurisdiction. (Pl's Compl. at 2.) Plaintiff further alleges that Councilman Chris Goodman and Councilwoman Julia Whalen accrued personal and financial gains as a result of the Agreement. Id. Plaintiff alleges that Mayor Steve Boynton personally and financially gained from illegal use of Tax Increment Financing Funds and that Defendants' have knowingly and wilfully committed violations of the RICO Act. Id.

Defendants move for Summary Judgment on the grounds that Plaintiff lacks standing to file suit against Defendants and that Plaintiff has failed to state a claim for which relief may be granted. Defendants further move for summary judgment on the grounds that Defendants are entitled to the protection of statutory, official and absolute legislative immunity. Defendants also filed a Motion requesting that sanctions be entered against Plaintiff for proceeding with the current action. For the reasons that follow, Defendants' Motion for Summary Judgment [#9] be granted and Defendants' Motion for Sanctions [#15] be denied.

## II.   CONCLUSIONS OF LAW

### A.  Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986). Therefore, summary judgment is appropriate when the moving party establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S.

at 322-23.  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party.  Id. at 255.  Thus, summary judgment is appropriate when the court has viewed the facts and the inferences drawn from those facts, in a light most favorable to the non-moving party, and found no triable issue.  See Southwall Technologies, Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).

### B. Plaintiff Lacks Standing to File Suit Against Defendants

In order for a plaintiff to file suit against a defendant in federal court, the plaintiff must have standing to assert a claim against the defendant.  In other words, "[a] party invoking federal jurisdiction must establish that he has met the requirements of both constitutional and prudential standing."  Delorme v. United States, 354 F.3d 810, 815 (8th Cir.2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  Standing requirements

> are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.

Lujan, 504 U.S. at 561.  At a minimum, constitutional standing requires that (1) "the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Id. at

560-61 (citations and internal quotations omitted).

In the present case Plaintiff cannot establish that he has suffered an injury in fact due to Defendant's actions. Plaintiff appears to argue that he is being injured by the Agreement because he represents the "fifth generation" of successors to the Zopfi family land. (Pl,'s Mem. in Opp. at 1.) At the hearing Plaintiff stated that his family agreed that he was going to inherit the property of his mother, Mrs. Betty Zopfi, upon her death. Plaintiff believes that his right to inherit the property is being impinged by the Agreement, and that he has suffered a sufficient injury upon which to bring suit.

Plaintiff is mistaken. In Minnesota, "[t]he right to inherit from an ancestor's estate accrues or vests at the time of that ancestor's death." In re the Estate of Russell W. Carlson, 457 N.W.2d 789, 791 (1990) (citing Sorenson v. Rasmussen, 131 N.W. 325, 326 (1911)). Under Minnesota law, "no one has any rights to inherit until the death of the relative whose estate is at issue." In re the Estate of Russell W. Carlson, 457 N.W.2d at 791. Plaintiff cannot establish that he suffered an injury in fact because he does not currently possess any ownership rights in the land effected by the Agreement. That Plaintiff believes he has a right to inherit the property is of no consequence, as "no one has any rights to inherit until the death of the relative whose estate is at issue." 457 N.W.2d at 791. At the present time, Plaintiff does not possess a "legally protected interest" in the property at issue and therefore Plaintiff does not have standing to assert a claim against Defendants.

Plaintiff does not have a legally protected ownership interest in the property, therefore, Plaintiff cannot establish that he has suffered an injury in fact. Since Plaintiff cannot establish that he suffered an injury in fact, he likewise cannot demonstrate that there was a causal connection between the injury and the conduct complained of, nor can he demonstrate that it is likely that the

injury will be redressed by a favorable decision. See Lujan, 504 U.S. at 560-561.

Plaintiff cannot establish that he has suffered an injury in fact due to the actions of the Defendants because Plaintiff does not have a legally protected ownership interest in the property affected by the Agreement. Therefore, Defendant's Motion for Summary Judgment should be granted on the grounds that Plaintiff does not have standing to pursue the present claim. As Plaintiff does not have standing to assert his claim, the other grounds for summary judgment presented by Defendants will not be addressed. Since Plaintiff's suit should be dismissed, Defendants' Motion for Sanctions [#15] should be denied.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion for Summary Judgment [#9] be granted and Defendants' Motion for Sanctions [#15] be denied.

DATED: December 2, 2005            s/ *Franklin L. Noel*
                                   FRANKLIN L. NOEL
                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.